**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JOHN OVERSTREET, #49188**                                                **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 2:11-cv-181-KS-MTP**

**WARDEN REGINA HANCOCK[1]**                                          **RESPONDENT**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On September 7, 2011, Petitioner Overstreet, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  An Order [5] was entered directing Petitioner to file an amended petition to name his current custodian as the proper Respondent and to provide specific information regarding the exhaustion of his state court remedies.  On October 13, 2011, Petitioner filed a Response [6] to this Order and on October 19, 2011, Petitioner filed a Motion [7] to Amend, providing essentially the same information.  Petitioners Motion [7] to Amend is granted.  Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

**I.  Background**

Petitioner pled guilty to and was convicted of child exploitation in the Circuit Court of Lamar County, Mississippi, on February 9, 2009.  Petitioner was sentenced to serve 15 years

---

[1]Pursuant to Petitioner's Response [6], the named Respondent is Warden Regina Hancock .

in the custody of the Mississippi Department of Corrections.  Petitioner asserts the following grounds for habeas relief:  (1) his Due Process rights were violated by the trial court's failure to provide him with mental competency hearings;  (2) his guilty plea was involuntary because he is mentally ill; (3)  he received ineffective assistance of counsel because he was represented by a disinterested public defender;  and (4) his guilty plea is illegal because it was under duress and fear that he "would go away for life . . .".  Pet. [1] at 10.  As relief, Petitioner is asking for his immediate release from incarceration so he can seek treatment in a mental hospital and "go home."  *Id.* at 15.

As stated above, an Order was entered directing Petitioner to file an amended petition to "specifically state if he has filed (other than a direct appeal) any petitions, applications or motions with respect to his conviction in any court, state or federal" and Petitioner was directed to provide certain information about any filings.  The Order further directed the Petitioner "to specifically state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29."  Petitioner filed his Response, wherein he states that he has not filed any actions with the state courts regarding the conviction and sentence that is the basis for his current imprisonment.

**II. Analysis**

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of

his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). A Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

The Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that his

3

conviction or sentence "was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi". Miss. Code Ann. § 99-39-5(1)(a)(Supp.2010); *see e.g., Trotter v. State*, 907 So.2d 397, 400-01 (Miss.Ct.App. 2005)(inmate's claim that his guilty plea was involuntary and that he received ineffective assistance of counsel properly pursued as a motion for relief under the Uniform Post-Conviction Collateral Relief Act). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state remedies.[2]

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the 31st day of October, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2]In this Petition, Overstreet refers to himself as a paranoid- schizophrenic and expresses his desire to be placed in a mental hospital. In the event Petitioner is attempting to assert claims regarding the conditions of his confinement, *i.e.*, denial of medical (mental health) care, the Court notes that a petition for habeas corpus relief is not the proper forum to assert such claims. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976)(The "sole function [of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."); *Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir.1994)("Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement."). Since the filing fee for a civil rights complaint is $350.00 and governed by provisions of the Prison Litigation Reform Act that are not applicable to the $5.00 habeas filing fee, the decision whether or not to pursue any claims in a separate civil rights action rest squarely with the Petitioner. The Court does not reach a determination of the viability of any possible conditions claims; nonetheless, the Clerk of Court is directed to mail Petitioner a packet of complaint forms for prisoner's filing *pro se* challenges to the conditions of their confinement under 42 U.S.C. § 1983.